IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG DIVISION

| | | |
|---|---|---|
| MARIAH NORTON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 3:18-CV-173 (Groh) |
| | ) | |
| 1863 PAC, LTD., | ) | |
| JOHN DOE1, | ) | |
| JOHN DOE 2, and | ) | |
| ABC COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

ELECTRONICALLY FILED
Oct 19 2018
U.S. DISTRICT COURT
Northern District of WV

## COMPLAINT -- CLASS ACTION

### INTRODUCTION

1. Plaintiff Mariah Norton ("Norton") brings this action to secure redress for the actions of defendant 1863 PAC, LTD. in sending out unsolicited texts to cell phones in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

### PARTIES

2. Plaintiff Norton is a natural person who resides in Jefferson County, West Virginia.

3. Defendant 1863 PAC, Ltd. is a domestic corporation. It's principal office address is 64 Cromwell Court, Martinsburg, WV 25403. Its registered agent is CT Corporation System, 1627 Quarrier St., Charleston, WV 25311-2124.

1

4. John Doe 1 is an agent or employee of Defendant 1863 PAC, Ltd.

5. John Doe 2 is an agent or employee of Defendant 1863 PAC, Ltd.

6. ABC Company is a vendor of Defendant 1863 PAC, Ltd.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (general federal question) and 47 U.S.C. §227(a) (TCPA). Defendant transacts business in the state and has an office in this State.

### FACTS RELATING TO DEFENDANT 1863 PAC, LTD.

8. In 2018, upon information and belief, Defendant 1863 PAC, LTD., a self-described "SuperPAC" began preparing to influence the November 2018 state legislative elections through the use of advertising.

9. Upon information and belief, John Doe 1 and John Doe2 manage the affairs of 1863 PAC, LTD.

10. Upon information and belief, John Doe 1 and John Doe 2 contracted with ABC Company to spam the cellular telephones of potential voters and promote Riley Moore, a candidate with whom they are closely associated.

11. On or about October 18, 2018, Defendant ABC Company at the direction and with the authorization of John Doe 1, John Doe1 and the 1863 PAC, LTD., caused an unsolicited text message and graphic advertisement to be transmitted to plaintiff's cellular phone and other potential voters' cellular phones. This advertisement promoted

2

Riley Moore, a state legislative candidate for office, and was sent without plaintiff's knowledge, approval or authorization.

12. Plaintiff has never given any Defendant permission to send texts to her.

13. Plaintiff did not have a prior business relationship with Defendant 1863 PAC, LTD. and had not authorized the sending of texts to her.

14. Upon information and belief, most, if not all of the individuals and entities who received texts promoting candidates from Defendants did not give prior express invitation or permission.

15. On information and belief, defendant disseminated substantially the same text and advertisements not only to Plaintiff but also to many other individuals and entities who did not solicit the text or have a prior relationship with Defendants.

## COUNT I -- VIOLATION OF THE TCPA

16. Plaintiff incorporates ¶¶1-15.

17. In order to stop the unending harassment by telemarketers, Congress enacted the TCPA. Section 227(b)(1)(C) of the TCPA makes it unlawful to send an unsolicited texts and advertisements to cellular phones.

18. The TCPA provides a private right of action for a violation of §227(b), pursuant to which a person or entity may recover $500 for each violation, and treble that amount if defendant willfully or knowingly violated the provision.

19. The TCPA provides in part:

    (3) Private right of action

3

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—
>
> > (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
> >
> > (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
> >
> > (C) both such actions.
> >
> > If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

20. Defendants violated the TCPA 47 U.S.C. §227(b)(1)(C) by sending unsolicited texts and advertisements to cellular telephones of plaintiff and the putative class members.

21. Plaintiff and the class members were damaged as a result.  Each member of the class suffered concrete harm as a result of receipt of the unsolicited texts in the form of data and minutes used from their telephone plans.

22. Upon information and belief, Defendants willfully and knowingly violated the TCPA as demonstrated by defendant texting an advertisement to plaintiff.

23. Unless enjoined from doing so, Defendants are likely to commit similar violations in the future as evidenced by the indiscriminate nature of the texts.

4

## TCPA CLASS ALLEGATIONS

24. Plaintiff brings this claim on behalf of a class, consisting of (a) (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C.1658), and on or before a date 20 days following the filing of this action, (c) were sent texts or advertisements.

25. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 50 members of the class.

26. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the practice described above violates the TCPA.

27. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendants engaged in a pattern of sending unsolicited text messages advertisements;

    b. Whether defendants thereby violated the TCPA;

28. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

29. No difficulties are likely to be encountered in the management of this class

action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

30. Defendants have acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

31. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

32. Plaintiff will fairly and adequately protect the interests of the class.

33. Plaintiff has retained counsel experienced in handling class actions and actions involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

34. Numerous courts have certified class actions under the TCPA. *Overlord v. Wheaton-Winfield dental Association Ltd.*, 04 CH 01613, (Ill. Cir. Cook County); *Whiting v SunGard*, 03 CH 21135,(Ill. Cir. Cook County); *Whiting v. GoIndustry*,03 CH 21136 (Ill. Cir. Cook County); *Nicholson v. Hooters of Augusta, Inc.*, 245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class action); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002) (same); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003) (same); *Dubsky v. Advanced Cellular Communications, Inc.*, 2003 CV 652, 2004 WL 503757 (Ohio C.P. Feb. 24, 2004);

6

*Biggerstaff v. Ramada Inn and Coliseum*, 98-CP-10-004722, (S.C. C.P., Feb. 3, 2000) (same); *Biggerstaff v. Marriott International, Inc.*, 99-CP-10-001366 (S.C. C.P., Feb 20, 2000) (same); *Chaudhry v. Bonneville International Corp., d/b/a KDGE/KZPS* (Dist. Ct. Tex., March 10, 1997)(same); *Coontz v. Nextel Communications*, No. C- 200100349 (Dist. Ct. Tex.)(same); *Gold Seal v. PrimeTV*, No. 49C01-0112-CP-3010 (Marion County, Indiana, August 29, 2002)(same); *Jemiola v. XYZ Corp.*, No. 411237 (C.P. Ohio, Dec. 21, 2001)(same); *Salpietro v. Resort Exchange International*, No. GD00-9071 (Allegheny Co. C.P.)(same); *WPS, Inc. v. Lobel Financial, Inc.*, No 01CP402029 (C.P. S.C., Oct. 15, 2001) (same); see *State of Texas v. American Blast Fax, Inc.*, 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action) *Gans v. Seventeen Motors, Inc.*, No. 01-L-478 (Ill. Cir., St. Clair County, Sept. 19, 2002).

35. A class action is an appropriate means of adjudicating this dispute, in that:

    a. Most consumers or entities are probably unaware of the violation.

    b. Individual actions are not economically feasible.

    c. Judicial economy is best served by a class action.

WHEREFORE, plaintiff requests the following relief in favor of plaintiff and the class:

    a. Actual damages;

    b. Statutory damages;

    c. An injunction against the further transmission of unsolicited texts and advertising;

      d.      Such other or further relief as the Court deems just and proper.

      e.      Costs of suit;

                              Respectfully Submitted
                              <u>Mariah Norton, Plaintiff</u>
                                By Counsel

<u>/s/ Stephen G. Skinner</u>
Stephen G. Skinner (WV Bar No. 6725)
SKINNER LAW FIRM
P.O. Box 487
Charles Town, WV 25414
304-725-7029/Fax: 304-725-4082
sskinner@skinnerfirm.com

8

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that the defendant take affirmative steps to preserve all recordings, data, emails, documents and all other tangible things that relate to plaintiff or the putative class members, or the sending of faxes, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim.

If defendants are is aware of any third party such as that has possession, custody or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

                                            Mariah Norton,
                                            By her attorney