IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG DIVISION

| | |
|---|---|
| MARIAH NORTON, | |
| Plaintiff, | Case No.: 3:18-CV-173 |
| v. | Judge Gina M. Groh |
| 1863 PAC, LTD., et al., | |
| Defendants. | |

## DEFENDANT 1863 PAC, LTD.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)

### I.   INTRODUCTION

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant 1863 PAC, LTD. ("1863 PAC") moves to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. Plaintiff alleges 1863 PAC sent or caused to be sent a text message to Plaintiff in violation of the Telephone Consumer Act 47 U.S.C § 227. (Compl. ¶ 11). Plaintiff, however, fails to allege an essential element of her claim – that the text was sent via an automatic dialing system. *See* 47 U.S.C. § 227(b)(1)(A). This pleading failure is compounded by the Complaint's failure to plead the correct section of the TCPA. Assuming Plaintiff solely intends to pursue a claim regarding an illegal text, then her claims arise from 47 U.S.C. § 227(b)(1)(A)(iii). The Complaint, however, refers to 47 U.S.C. § 227(b)(1)(C), which pertains to illegal faxes. (Compl. ¶ 17). These errors result in the Complaint failing to plead all the elements of Plaintiff's claim. The Complaint, therefore, should be dismissed.

1

## II. LAW AND ARGUMENT

### A. The Rule 12(b)(6) Standard.

In determining whether dismissal of an action for failure to state a claim for which relief can be granted is appropriate, the Court may only rely upon the allegations in the complaint, and must accept as true the factual allegations in the complaint, construing them in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

This Court has stressed that all essential elements of the cause of action must be stated in the complaint, and plaintiff must at least set forth enough details to provide defendant and the court with a fair idea of the basis of the complaint and the legal grounds claimed for recovery. *Smerdell v. Consolidation Coal Co.*, 806 F. Supp. 1278, 1285 (N.D.W. Va. 1992) citing *Sticklen v. Kittle*, 168 W. Va. 147, 164, 287 S.E.2d 148, 157-58 (1981) ("[T]he plaintiff's attorney must know every essential element of his cause of action and must state it in the complaint.").

Applying these standards in the instant case, this Court should dismiss Plaintiff's Complaint in its entirety.

### B. The Complaint Fails to Allege an Essential Element of her Claim.

Plaintiff's Complaint alleges 1863 PAC violated the TCPA, 47 U.S.C. § 227(b)(1)(C), which places restrictions on unsolicited advertisements to telephone facsimile machines. But the Complaint refers to an "unsolicited text message." (Compl. ¶ 11). Regardless, to succeed a claim under 47 U.S.C.S. § 227(b)(1)(A)(iii), a plaintiff must at a minimum plead and prove that he or she: (1) was called[1]; (2) on a number assigned to a cellular telephone service or on another protected telephone line; and (3) the call was made using an automatic telephone dialing system.

[1] Text messages are included in the definition of "calls" under the TCPA. *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order, 18 FCC Rcd. 14014, 14115 (July 3, 2003).*

*Id.* The statute defines an automatic telephone dialing system as equipment that has the capacity "to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. § 227(a)(1).

Assuming Plaintiff's claim pertains to text messages only, the Complaint fails to plead an essential element of the claim, specifically, that the text was sent via an automatic telephone dialing system. The Complaint, therefore, should be dismissed. In *Clayton v. Aaron's Inc.*, the court granted the defendant's motion to dismiss because Plaintiff failed to "sufficiently allege[] the use of automatic dialing." No. 3:13-CV-219, 2013 U.S. Dist. LEXIS 86298, at *7 (E.D. Va. June 19, 2013). In dismissing the Complaint, the court stated that "Plaintiff fail[ed] to make a single factual allegation to support his claim that Defendant used automatic dialing rather than manually sending individualized messages ...." *Id.* The Court concluded that "[w]ithout even a basic attempt to plead factual allegations showing that it is plausible that Defendant used an autodialer, this claim fails." *Id.* at *9.

Here, the Complaint does not even contain a conclusory assertion that an automatic telephone dialing system was used, let alone allege any facts showing its use was "plausible". *See id.* Plaintiff received a single text, to which she did not respond, on October 18, and filed a class-action lawsuit suit the next day. Thus, any pre-suit investigation was abbreviated. Moreover, 1863 PAC recently provided plaintiff with a declaration attesting that each text message, including the text to Plaintiff, was transmitted individually and manually from a single human sender to a single recipient, that the platform through which the text was sent does not have the ability to dial numbers without a human operator, and other facts attesting that an automatic telephone dialing system was not used. Given the above, it would be difficult to allege facts showing the use of a telephone dialing system.

3

Plaintiff failed to plead an essential element of 47 U.S.C.S. § 227(b)(1)(A)(iii), thus her Complaint should be dismissed.

### III. CONCLUSION

For the foregoing reasons, the Court should grant this motion and dismiss the Complaint with prejudice.

Respectfully submitted,

*s/ Carol P. Smith*
Carol P. Smith (WV Bar No. 5058)
FROST BROWN TODD LLC
United Bank
500 Virginia Street, East, Suite 1100
Charleston, WV 25301-3207
(304) 345-0111
(304) 345-0115 facsimile
csmith@fbtlaw.com

*Attorney for Defendant*
*1863 PAC, LTD.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG DIVISION

| | |
|---|---|
| MARIAH NORTON, | |
| Plaintiff, | |
| v. | Case No.: 3:18-CV-173 |
| 1863 PAC, LTD., et al., | Judge Gina M. Groh |
| Defendants. | |

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2019, I electronically filed the foregoing *Defendant 1863 PAC, Ltd.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(6)* and *Memorandum in Support of Motion to Dismiss* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

*s/ Stephen G. Skinner*
Stephen G. Skinner (WV Bar No. 6725)
SKINNER LAW FIRM
P.O. Box 487
Charles Town, WV 25414
(304) 725-7029
(304) 725-4082 facsimile
sskinner@skinnerfirm.com

*Attorney for Plaintiff*

*s/ Carol P. Smith*
Carol P. Smith

*Attorney for Defendant
1863 PAC, LTD.*

5