IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG DIVISION

| | |
|---|---|
| MARIAH NORTON, | |
| Plaintiff, | Case No.: 3:18-CV-173 |
| v. | Judge Gina M. Groh |
| 1863 PAC, LTD., et al., | |
| Defendants. | |

**DEFENDANT 1863 PAC, LTD.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

I. **INTRODUCTION**

Defendant 1863 PAC, LTD.'s ("1863 PAC") Motion to Dismiss Plaintiff's Amended Complaint argues the Amended Complaint, which was filed without any pre-suit investigation, fails to state a claim because it relies on legal conclusions regarding the use of an automatic telephone dialing system (also known as an ATDS, hereinafter referred to as an "autodialer"). (ECF No. 14).

The core question is whether the Amended Complaint contains sufficient factual allegations sufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009). The answer is no. This answer is supported by the authorities both in 1863 PAC's Motion to Dismiss <u>and</u> Plaintiff's Opposition (ECF No. 15). Plaintiff's Opposition relies on two cases,[1] which both turned on a key fact that Plaintiff has not (and cannot) allege here

---

[1] *Collins v. Travel, Entm't & Mktg., Ltd. Liab. Co.*, No. 16-cv-2796, 2017 U.S. Dist. LEXIS 3255 (N.D. Ill. Jan. 10, 2017) and *Maier v. J. C. Penney Corp.*, No. 13cv0163 - IEG (DHB), 2013 U.S. Dist. LEXIS 84246 (S.D. Cal. June 13, 2013).

– that the text message was sent using a Short Message Service ("SMS") code.[2] Here, the single text message sent to Plaintiff was not sent via a SMS short code; instead, a full 10-digit telephone number sent the message . (Pl's Opp., p. 2). Tellingly, Plaintiff's Opposition fails to disclose the crucial role SMS short codes played in both *Collins* and *Maier*.

Regardless of the lack of any pre-suit investigation (a fact Plaintiff's Opposition does not deny), ignoring a sworn declaration, or misrepresenting key authorities, the bottom line is that Plaintiff's Amended Complaint fails to state a claim. 1863 PAC's Motion to Dismiss should be granted.

## II. LAW AND ARGUMENT

### A. The Amended Complaint Fails To State A Claim Under The Well-Established "Plausibility" Standard.

Plaintiff has failed to meet its pleading burden under *Twombly*. Under *Twombly*, the "formulaic recitation of the elements of a cause of action will not do . . . [T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009). Plaintiff's Amended Complaint offers only possibility, not plausibility. Indeed, given the text was not sent using a SMS short code, Plaintiff's autodialer "allegation" is implausible, even if one ignores the declaration attached to Plaintiff's Opposition.

---

[2] A "short code" is a special telephone number, shorter than a standard telephone number, used to send Short Message Service ("SMS") messages, i.e., text messages. *Reynolds v. Geico Corp.*, No. 2:16-cv-01940-SU, 2017 U.S. Dist. LEXIS 28867, at *2 n.1 (D. Or. Mar. 1, 2017). For example, the "from" field of the message could have the SMS short code number as 77893. *Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165, 1167 (N.D. Cal. 2010).

2

Plaintiff's Opposition's argument that the Amended Complaint states a claim relies on two cases, *Collins v. Travel, Entm't & Mktg., Ltd. Liab. Co.* and *Maier v. J. C. Penney Corp.* Both cases, however, show how the autodialer allegation is deficient because the cases cite and rely upon the use of a SMS short code. Plaintiff's Opposition omits this critical element in representing these cases, presumably because the text sent to Plaintiff came from a full 10-digit telephone number, <u>not</u> a SMS short code. (Pl's Opp., p. 2)(text came from phone number 304-451-9129).

When analyzing *Collins,* Plaintiff's Opposition states, "Specifically, among other facts, the court cited the fact that the messages 'were generic and not aimed at plaintiff personally,' and that the message was sent 'en masse.'" (ECF No. 15, pg. 6). Plaintiff's Opposition, however, omits the "other facts" to give the impression the *Collins* plaintiff only plead that the text message was generic. The *Collins* court actually stated:

> Plaintiff also provides specific factual details concerning the messages he received. The messages were generic and aimed not at Plaintiff personally, but at a large group of potential customers .... **They [did] not provide any way for Plaintiff to reach a human,[3] but instead were sent from an SMS 'short code'** .... Plaintiff also alleges more generally that spam now comes in the 'form of unwanted text messages of all kinds,' and that this is why the FCC decided to promulgate rules requiring senders of **SMS message advertisements** ... to obtain recipients' express written consent prior to sending such messages. **All** of these allegations plausibly suggest that Defendant's messages to Plaintiff came from an ATDS.

*Collins*, 2017 U.S. Dist. LEXIS 3255, at *12 (emphasis added).

Similarly, when analyzing *Maier,* Plaintiff stated, "A district court in California reached a similar result where, as here, the plaintiff alleged receipt of only one unsolicited text message." (ECF No. 15, pg. 7). Again, that analysis is misleading. In *Maier,* the court stated:

> Plaintiff specifically asserts that she received the following text message content from **Short Message Service ("SMS") short code** 527-365 . . . Plaintiff supplements her ATDS allegation with a factual allegation of the specific content of the text message **and the number from which it was received.**

---

[3] *See also* Lansing Declaration ¶¶ 3, 9-10)(stating Plaintiff would have received a response from a human if she replied). (ECF No. 15-2).

3

*Maier*, 2013 U.S. Dist. LEXIS 84246, at *1-2, 11. The *Maier* plaintiff did not only allege receipt of one unsolicited text message, she alleged multiple facts, including that she received the text from a SMS short code.

A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 677-78. The Amended Complaint contains the bare legal conclusion that 1863 PAC "caused an unsolicited text message and graphic advertisement to be transmitted to plaintiff's cellular phone and other potential voters' cellular phones through…an [autodialer]. The advertisement promoted Riley Moore, a state legislative candidate for office." (Am. Compl. ¶ 11). In other words, Plaintiff received a text message. Either it was sent by an autodialer or it was not. But Plaintiff does not allege any specific facts that move the autodialer allegation from "possible" to "plausible." In both *Collins* and *Maier*, the text was sent via a SMS short code, and that fact was critical to the courts' holdings that the plaintiffs stated a claim. Here, Plaintiff did not, and cannot, make that factual allegation.[4]

Although a plaintiff's burden to allege the use of an autodialer is not a heavy one, "*some level of factual allegation is required.* *Musenge v. SmartWay of the Carolinas, LLC,* No. 3:15-cv-153-RJC-DCK, 2018 U.S. Dist. LEXIS 158044, at *7 (W.D.N.C. Sep. 17, 2018). Plaintiff has not met that burden. *Clayton*, 2013 U.S. Dist. LEXIS 86298, at *6. Every case cited by 1863 PAC,

---

[4] Plaintiff's other authorities are inapplicable as they involve other Telephone Consumer Protection Act ("TCPA") violations and/or were on summary judgment. *Torres v. Nat'l Enter. Sys.*, No. 12 C 2267, 2012 U.S. Dist. LEXIS 110514, at *10 (N.D. Ill. Aug. 7, 2012)(analyzing, on summary judgment, elements to plead artificial or prerecorded voice violation); *Stewart v. T-Mobile USA, Inc.*, 124 F. Supp. 3d 729, 732 (D.S.C. 2015)(allegations regarding receipt of prerecorded message); *Hickey v. Voxernet LLC*, 887 F. Supp. 2d 1125, 1130 (W.D. Wash. 2012)(Plaintiff pled with sufficient specificity *how* the Defendant's application used "equipment" or "hardware" that may be a autodialer or predictive dialer); *Lemieux v. Lender Processing Ctr.*, No. 16-cv-1850, 2017 U.S. Dist. LEXIS 47139, at *13 (S.D. Cal. Mar. 24, 2017)(plaintiff alleged multiple facts, including that plaintiff heard a pause and/or clicking noise before defendants' representative came on the line, sufficient for the allegation that an autodialer was used).

4

and indeed Plaintiff, supports this conclusion. Without sufficient facts to support her claim, the Amended Complaint should be dismissed.

### B. Plaintiff's Argument Regarding "Notice Pleading" Is Unconvincing.

Sensing the autodialer allegations are lacking, Plaintiff's Opposition attempts to weaken the well-established *Twombly* and *Iqbal* standard by stating that a notice-pleading standard remains in effect, and that cases decided after *Twombly* and *Iqbal* "merely expanded on the idea of notice by requiring a court to consider the 'plausibility' of pleadings." (ECF No. 75). But the Fourth Circuit has affirmed that "elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). "Ultimately, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.*

With hundreds of cases analyzing the "plausibility" standard in the context of motions to dismiss,[5] the plausibility standard in *Twombly* and *Iqbal* applies to the Amended Complaint, which relies on conclusory allegations that an autodialer was used. Plaintiff's Opposition, in relying on case law denying motions to dismiss where a SMS short code was used – a key fact missing here – demonstrates that the Amended Complaint lacks sufficient factual allegations. Without facts to support the autodialer allegation, Plaintiff has not established a plausible claim. Accordingly, this Court must dismiss Plaintiff's Amended Complaint.

---

[5] To support the notice-pleading standard, Plaintiff cites *Sansotta v. Town of Nags Head*, 724 F.3d 533 (4th Cir. 2013), which was a case at the summary judgement stage.

### C. The Lansing Declaration Is Irrelevant and Cannot Be Considered At The Rule 12(b)(6) Stage.

There are two problems with Plaintiff attaching the Lansing Declaration to her Opposition. First, it is irrelevant. The issue is whether the Amended Complaint states a claim, not whether the Lansing Declaration satisfies Plaintiff's Counsel. 1863 PAC referenced the Declaration in its Motion only to highlight Plaintiff's lack of pre-suit investigation, particularly with the Amended Complaint. Second, it is procedurally improper. Consideration of the Lansing Declaration would convert 1863 PAC's Rule 12(b)(6) motion into a motion for summary judgment. Because "[f]airness dictates that, absent some persuasive justification, the moving party should be able to obtain the benefit of the particular rule he or she has chosen to move under," *Wilson v. Karnes*, No. 2:06-CV-392, 2007 U.S. Dist. LEXIS 86543, at *8 (S.D. Ohio Nov. 26, 2007).

1863 PAC provided the Lansing Declaration to Plaintiff's Counsel in the interests of efficiency and in the spirit of good faith. It was evidently a futile act. The Declaration only spurred vague requests for more information and was ultimately dismissed as "self-serving." It certainly did not spur Plaintiff to asses her claim. It was also ignored, because it answers the question about "how the message was sent." (*Compare* Pl's Opp., p. 3 *with* Lansing Declaration ¶¶ 3, 7, 9, 10).[6] But Plaintiff is not entitled to move the goalposts and subject 1863 PAC to further expense in the hopes something will "turn up," while simultaneously eschewing any pre-suit investigation or asserting claims without a sufficient factual basis. *E.g., Whittington v. Ohio River Co.*, 115 F.R.D. 201, 206-07 (E.D. Ky. 1987) ("A defendant must not be joined…merely in the hope that discovery will turn up something . . . The cost of determining whether a defendant should be named . . . must be borne by the plaintiff . . . before the suit is filed.")

---

[6] Plaintiff also asked how the numbers are "loaded into the system," but that is irrelevant to the autodialer analysis. 47 U.S.C. § 227(a)(1)(defining autodialer by whether it has the capacity to "store or produce" numbers and to "dial" such numbers).

6

## III. CONCLUSION

For the foregoing reasons, this Court should grant Defendant 1863 PAC's Motion and dismiss the Amended Complaint with prejudice.

*s/ Carol P. Smith*
Carol P. Smith (WVSB# 5058)
Frost Brown Todd LLC
500 Virginia Street East
Suite 1100
Charleston, WV 25301
csmith@fbtlaw.com

*Attorney for Defendant*
*1863 PAC, LTD.*

7

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG DIVISION

| | |
|---|---|
| MARIAH NORTON, | |
| Plaintiff, | Case No.: 3:18-CV-173 |
| v. | Judge Gina M. Groh |
| 1863 PAC, LTD., et al., | |
| Defendants. | |

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2019, I electronically filed the foregoing Defendant 1863 Pac, Ltd.'s Reply in Support of its Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Stephen G. Skinner (WV Bar No. 6725)
SKINNER LAW FIRM
P.O. Box 487
Charles Town, WV 25414
(304) 725-7029
(304) 725-4082 facsimile
sskinner@skinnerfirm.com

*Attorney for Plaintiff*

                                                  *s/ Carol P. Smith*
                                                  Carol P. Smith

                                                  *Attorney for Defendant*
                                                  *1863 PAC, LTD.*