IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**MARIAH NORTON,**

    Plaintiff,

v.   CIVIL ACTION NO.: 3:18-CV-173 (GROH)

**1863 PAC, LTD.,
JOHN DOE 1,
JOHN DOE 2 and
ABC COMPANY,**

    Defendants.

## ORDER DENYING DEFENDANT 1863 PAC, LTD.'S MOTION TO DISMISS

Currently pending before the Court is Defendant 1863 PAC, LTD.'s Motion to Dismiss [ECF No. 14], filed on February 11, 2019. The Plaintiff filed a Memorandum in Opposition [ECF No. 15] on February 25, 2019. Defendant 1863 PAC, LTD. filed a Reply in Support of its Motion [ECF No. 16] on March 4, 2019. Accordingly, the matter has been fully briefed and is now ripe for review. For the following reasons, the motion is **DENIED**.

### I. Factual and Procedural Background

On October 19, 2018, Mariah Norton ("Plaintiff") filed a class action complaint against the above-named Defendants alleging a violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. ECF No. 1. On January 14, 2019, Defendant 1863 PAC, LTD. filed a motion to dismiss the Plaintiff's complaint, arguing the Plaintiff failed to allege that the text was sent via an automatic dialing system. ECF Nos. 8, 9. On January 28, 2019, the Plaintiff filed an amended complaint. ECF No. 11.

Thereafter, the Court entered an Order denying Defendant 1863 PAC, LTD.'s motion as moot. ECF No. 13.

In the Plaintiff's amended complaint, she alleges the Defendants violated the TCPA, 47 U.S.C. § 227, by sending out unsolicited text messages to cellular telephones of the Plaintiff and the putative class members. ECF No. 11 at 1, 4. The background of the Plaintiff's allegations are as follows.[1]

In 2018, Defendant 1863 PAC, LTD. began preparing to influence the November 2018 state legislative elections through the use of advertising. Id. at 2. The individuals that manage the affairs of 1863 PAC, LTD. contracted with ABC Company to spam cellular telephones of potential voters in an effort to promote Riley Moore as a candidate. Id. On October 18, 2018, Defendant ABC Company, at the direction and with the authorization of Defendant 1863 PAC, LTD. and the individuals managing its affairs, caused an unsolicited text message and graphic advertisement to be transmitted to the cellular phones of the Plaintiff and other potential voters through the use of an automatic telephone dialing system. Id. The text message and graphic advertisement promoted Riley Moore as a state legislative candidate for office.[2] Id. The Plaintiff, as well as other potential voters, did not have a prior business relationship with Defendant 1863 PAC, LTD. and did not authorize or consent to the receipt of the text message. Id. at 2, 3.

---

[1] For a motion to dismiss, the Court must assume that the Plaintiff's "well-pleaded factual allegations" are true. Accordingly, the Court recites the facts as alleged in the Plaintiff's First Amended Class Action Complaint [ECF No. 11].

[2] The Plaintiff provided a screenshot of the text message and graphic advertisement in her Memorandum in Opposition. ECF No. 15 at 1. The graphic advertisement and text message are sent from the following number: (304) 451-9129. The graphic advertisements reads, "Riley Moore has Jefferson County headed in the right direction." Id. The text message reads, "Riley Moore secured $1.2 million in funding for MARC service. As our next Majority Leader, he'll keep sticking up for the Eastern Panhandle in Charleston!" Id.

On February 11, 2019, Defendant 1863 PAC, LTD. filed a motion to dismiss, arguing that the Plaintiff's amended complaint still "fails to plead any facts supporting the legal conclusion that 1863 PAC sent or caused to be sent a text to Plaintiff via an automatic telephone dialing system." ECF No. 14 at 1.

## II. Applicable Legal Standards

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to challenge the complaint's sufficiency in this regard by moving to dismiss a complaint for failing "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although the pleading standard under Rule 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Id. (quoting Twombly, 550 U.S. at 555, 557).

When reviewing a Rule 12(b)(6) motion, the court assumes that the complaint's well-pleaded allegations are true, resolves all doubts and inferences in favor of the plaintiff and views the allegations in a light most favorable to the plaintiff. Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999). Only factual allegations receive the presumption of truth. Iqbal, 556 U.S. at 678-79. A court may also consider

facts derived from sources beyond the four corners of the complaint, including documents attached to the complaint, documents attached to the motion to dismiss "so long as they are integral to the complaint and authentic" and facts subject to judicial notice under Federal Rule of Evidence 201. Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

### III. Discussion

Defendant 1863 PAC, LTD. argues that the Plaintiff's first amended complaint should be dismissed because it fails to plead any facts supporting a legal conclusion that an automatic telephone dialing system was used to send the text message. ECF No. 14 at 1. Defendant 1863 PAC, LTD. contends that the Plaintiff's "bare legal conclusion that an automatic telephone dialing system was used" is not enough to state a claim for relief under the TCPA. Id.

> The TCPA provides that it is unlawful for any person
>
> to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice – to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or any other radio common carrier service, or any service for which the called party is charged for the call. . . .

47 U.S.C. § 227(b)(1)(A)(iii). Text messages are included in the definition of "calls" under the TCPA. See Campbell-Ewald Co. v. Gomez, 136 S. Ct. 663, 667 (2016).

To state a claim under 47 U.S.C. § 227(b)(1)(A)(iii), "a plaintiff must allege (1) that the defendant called [or texted] the plaintiff's cellular telephone; (2) using an automatic telephone dialing system; (3) without the plaintiff's prior express consent." Hossfeld v. Govt't Emples. Ins. Co., 88 F. Supp. 3d 504, 509 (D. Md. 2015). An

4

automatic telephone dialing system is defined as "equipment which has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

> A plaintiff's burden to allege the use of an [automatic telephone dialing system] is not a heavy one. Simply alleging the use of an [automatic telephone dialing system] and supporting that allegation with observations of the nature of the calls or text messages would suffice. It would be unreasonable for a plaintiff to factually plead the technical details of an [automatic telephone dialing system] without the benefit of discovery.

Musenge v. SmartWay of the Carolinas, LLC, 2018 U.S. Dist. LEXIS 158044, *7 (W.D. N.C. September 17, 2018).

The Court finds that the Plaintiff has alleged sufficient facts, taken as true, to state a plausible claim for relief under the TCPA. The Plaintiff alleges that the unsolicited text message and graphic advertisement were transmitted through the use of an automatic telephone dialing system. She further alleges that she did not have a prior business relationship with the Defendant and did not authorize or consent to the receipt of the text message. The text message received by the Plaintiff had no personal characteristics that indicate it was aimed at the Plaintiff personally. In fact, the Plaintiff alleges that the text message is believed to have been transmitted to other potential voters. Considering the allegations in their entirety, it is plausible that the text message was sent from an automatic telephone dialing system.

The Defendant asserts that the Plaintiff's text message was not received from a Short Message Service code[3], it was received from a full 10-digit telephone number. ECF No. 16 at 1-4. Defendant 1863 PAC, LTD. argues that the key fact that it was not

---

[3] "A 'short code' is a special telephone number, shorter than a standard telephone number, used to send Short Message Service ("SMS") messages, i.e., text messages." Reynolds v. Geico Corp., 2017 U.S. Dist. LEXIS 28867, n.1 (D. Or. March 1, 2017).

sent from a Short Message Service code differentiates the Plaintiff's allegations from other cases. Id. However, the Court does not find the differentiation between a text message received from a Short Message Service code and a full 10-digit telephone number to be a crucial fact in alleging that an automatic telephone dialing system was used. Without discovery, the Plaintiff has no way to gather sufficient evidence regarding the type of machine used to transmit the text message.

### IV. Conclusion

For the aforementioned reasons, the Court **ORDERS** that Defendant 1863 PAC, LTD.'s Motion to Dismiss [ECF No. 14] is **DENIED**. The Clerk is **DIRECTED** to transmit a copy of this Order to all counsel of record herein.

**DATED**: July 9, 2019

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE